ETHRIDGE, Chief Justice:
W. D. Lay, appellant, was convicted in the Circuit Court of Scott County of the offense of intentionally pointing and aim *795 ing a shotgun at E. J. Hillman and discharging the same with the result of maiming and injuring Hillman. Miss.Code 1942, Ann. § 2013 (1956). He was sentenced to serve a term of two years in the penitentiary.
The evidence was amply to support the conviction. On appeal, the testimony and reasonable inferences therefrom which are favorable to appellee’s case must be accepted as true. Hillman, a divorcee, had been dating for several years Mrs. Ozella Lay Summerlin, also a divorcee and sister of the defendant. On the night in question Hillman and a friend named Turner drove to Mrs. Summerlin’s home. Hillman had a prearranged date with her. Hillman blew his horn and about that time Lay fired one or two shots with his automatic shotgun through the windshield of the truck. Pellets and fragments of the windshield struck Hillman in the face, causing the loss of sight in one eye, ten teeth, and scars on his face. Turner then asked Lay if he could get out of the car and drive Hillman to the hospital. Lay replied, “Yes, sir. I ain’t got nothing against you.” Lay admitted that he was not more than three feet from the front bumper of the truck when he shot. He admitted that he was “mad at” Hillman. He claimed that he fired several times above the car in order to frighten Hillman away from his sister, whom he thought Hillman was annoying. Neither Hillman nor Turner saw Lay before the shooting.
Lay, stating that he emptied his shotgun, admitted that he “had some more shells” in his pocket. His defense was that Hillman was quite drunk, had been annoying his sister and her children, and that, although he had run Hillman away twice that night he returned the third time. In order to scare Hillman, he started shooting above the windshield, and the gun kicked down on him so that one shot penetrated the windshield.
All of these circumstances were for consideration by the jury. It was justified in concluding that Lay approached the Hill-man truck with a loaded shotgun and other shells in his pocket at a time when he was angry with Hillman; that he shot only once or twice at the most, aimed at Hill-man, and the shot penetrated directly through the windshield at close range and hit Hillman in the face. Conflicting testimony for both sides presented what is euphemistically called a “swearing contest” by the witnesses. The jury believed the testimony of the state’s witnesses, and the concessions made by witnesses for defendant.
The trial court erred in permitting the district attorney to cross examine the witness Marvin Moore concerning Mrs. Sum-merlin’s alleged general reputation for sobriety in the community. However, this was harmless error, since she had already testified that she “had a drinking problem” and had been in an institution for alcoholism. Miss.Sup.Ct. Rule 11.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.